488 So.2d 897 (1986)
Robert Edward SPOONER, Appellant,
v.
DEPARTMENT OF CORRECTIONS, STATE OF FLORIDA, Appellee.
Case No. BF-357.
District Court of Appeal of Florida, First District.
May 19, 1986.
F. Kendall Slinkman and Edna L. Caruso, West Palm Beach, for appellant.
John S. Derr and David P. Heath of Field, Granger, Santry & Mitchell, P.A., Tallahassee, for appellee.

ON MOTION FOR REHEARING
NIMMONS, Judge.
The Court's opinion filed February 13, 1986 is withdrawn and the following opinion is substituted therefor. The motions for rehearing and for clarification are otherwise denied.
*898 Spooner, an inmate in the state corrections system, appeals from an order dismissing Count II of his complaint as to the defendant, Department of Corrections of the State of Florida. We affirm.
Count II of Spooner's complaint sought damages under 42 U.S.C. Section 1983 for violation of his civil rights based upon an alleged beating which he suffered in June 1983 at the hands of another inmate at the Florida State Prison at Raiford. Spooner alleged that a violation of Section 1983 occurred as a result of the Department's negligent failure to properly supervise and control the prison inmates.
The issue raised below and on appeal is whether Section 768.28, Florida Statutes (1983), Florida's waiver of immunity statute, should be construed to encompass Section 1983 civil rights actions so as to waive the Department's immunity, otherwise available under the Eleventh Amendment and state common law principles, from such actions.[1] The questions implicated in this issue were recently addressed by the Eleventh Circuit Court of Appeals in Gamble v. Florida Department of Health and Rehabilitative Services, 779 F.2d 1509 (11th Cir.1986). See also Shinholster v. Graham, 527 F. Supp. 1318 (M.D.Fla. 1981); and Meeker v. Addison, 586 F. Supp. 216 (S.D.Fla. 1983). Gamble and Shinholster hold that Florida's waiver of sovereign immunity does not encompass Section 1983 actions, while Meeker, now overruled by Gamble, reached a contrary view. We agree with the Gamble and Shinholster decisions' construction of the pertinent statutes and adopt as our own the reasoning and analysis of the opinion in Gamble. We believe the analysis to be equally applicable whether the suit be brought in state or federal court. See Skoblow v. Ameri-Manage, Inc., 483 So.2d 809 (Fla. 3rd DCA 1986).
Inasmuch as the subject issue involves the proper interpretation of state law which has not been addressed by the Florida Supreme Court, and since we view the issue as presenting a question of great public importance, we certify the following pursuant to Fla.R.App.P. 9.030(a)(2)(A)(v):
Has the State of Florida, pursuant to Section 768.28, Florida Statutes (1983), waived its Eleventh Amendment and state common law immunity and consented to suits against the State and its agencies under 42 U.S.C. Section 1983?
AFFIRMED.
BOOTH, C.J., and SHIVERS, J., concur.
NOTES
[1] This action, brought pursuant to 43 U.S.C. Section 1983, is entertainable in state court. We have concurrent jurisdiction with federal courts. Lloyd v. Page, 474 So.2d 865 (Fla. 1st DCA 1985).