490 So.2d 118 (1986)
The DEPARTMENT OF CORRECTIONS of the State of Florida, Appellant,
v.
Jesse HILL, Appellee.
No. 85-1488.
District Court of Appeal of Florida, Third District.
May 6, 1986.
On Motion for Rehearing and Certification June 17, 1986.
*119 William A. Meadows, Jr. and Charles F. Mills, South Miami, for appellant.
Lisk & Ormond and Gregg Ormond, Haggard & Kirkland, Coral Gables, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and NESBITT, JJ.
PER CURIAM.
The Department of Corrections (D.O.C.) appeals from a jury verdict awarding the plaintiff (Hill) $750,000.00. D.O.C. contends that the trial court erred by giving the jury a misleading instruction and verdict forms. We affirm in part and reverse in part.
Following a trial on the issues of liability and damages, the jury returned a verdict in the above stated amount finding that D.O.C. had falsely imprisoned Hill and was 75% comparatively negligent. Hill was found 25% comparatively negligent. An instruction at the end of the verdict form read:
In determining the total amount of damages, do not make any reduction because of negligence, if any of plaintiff Jesse Hill. If you have found Jesse Hill negligent in any degree, the court in entering judgment will reduce Jesse Hill's total amount of damages (100%) by the percentage of negligence which you found is chargeable to Jesse Hill.
This same instruction was read aloud by the court to the jury prior to their deliberations.
Following the publication of the verdict, the court entered a judgment for the total amount of damages, $750,000.00. D.O.C. requested that the judgment be reduced by Hill's percentage of comparative negligence. The court denied this request, reasoning that comparative negligence is not a defense to false imprisonment.
D.O.C. contends that the instruction given by the court and written at the end of the verdict forms misled the jury to the prejudice of D.O.C. We agree that the result of these instructions was prejudicial to D.O.C., see, ITT-Nesbitt, Inc. v. Valle's Steak House, Inc., 395 So.2d 217 (Fla. 4th DCA 1981) (the test for misleading jury instructions is whether, under the particular facts of the case, the instructions could have misled the jury or prejudiced a party's right to a fair trial); American National Bank v. Norris, 368 So.2d 897 (Fla. 1st DCA 1979) (same); Lafleur v. Castlewood International Corp., 294 So.2d 21 (Fla. 3d DCA 1974) (same); see also Staff v. Soreno Hotel Co., 60 So.2d 28 (Fla. 1952) (court may not mislead a jury in outlining the issues that body is to try); and these instructions tended to confuse rather than enlighten the jury on the issue of damages. Veliz v. American Hospital, Inc., 414 So.2d 226, 228 (Fla. 3d DCA 1982) (an instruction which tends to confuse is cause for reversal if it may have misled the jury).
The lower court was correct in ruling that Hill's comparative negligence is not a defense to false imprisonment, see Mazzilli v. Doud, 485 So.2d 477 (Fla. 3d DCA 1986) (comparative negligence is not a defense to an intentional tort); Honeywell, Inc. v. Trend Coin Co., 449 So.2d 876, 879 (Fla. 3d DCA 1984) (same), reversed on other grounds, 487 So.2d 1029, (Fla. 1986), and therefore D.O.C. is liable for the full amount of any damages caused by its false imprisonment of Hill. In the present case, however, the jury was misled by instructions on the reduction of damages. Accordingly, we reverse for a new trial on the damages resulting from the false imprisonment, without consideration of the negligence *120 of either party. See Besett v. Basnett, 437 So.2d 172 (Fla. 2d DCA 1983) (double recovery based upon the same element of damages, in this case fraud and negligence, is prohibited).
Hill cross-appeals the dismissal of his 42 U.S.C. § 1983 civil rights claim. We affirm the lower court's dismissal on the authority of Skoblow v. Ameri-Manage, Inc., 483 So.2d 809 (Fla. 3d DCA 1986), where we held that, for purposes of 42 U.S.C. § 1983, the state has not waived sovereign immunity. D.O.C. is a state agency and, therefore, enjoys state sovereign immunity. Thus, the dismissal of Hill's civil rights claim was proper.
This case is affirmed in part, reversed in part and remanded for a new trial as to damages for false imprisonment.

ON MOTION FOR REHEARING AND CERTIFICATION
Hill's motion for certification is granted and we certify to the Supreme Court of Florida the question certified by the First District Court of Appeal in Spooner v. Department of Corrections, 488 So.2d 897 (Fla. 1st DCA 1986):
Has the State of Florida, pursuant to section 768.28, Florida Statutes (1983), waived its Eleventh Amendment and state common law immunity and consented to suits against the State and its agencies under 42 U.S.C. Section 1983?
Hill's motion is otherwise denied.