PER CURIAM.
We affirm the final judgment which awarded the Kronicks $2,304.00 in actual damages and $900.00 for expenses they necessarily incurred when appellant breached its contract with them by failing to deliver appellees’ furniture, clothing and other household possessions on or before an agreed date, and by failing to honestly inform them as to the location and status of their shipment of goods. The appellees’ motel expenses, food costs, telephone bills and purchase of minimal clothing were damages flowing from appellant’s wrongs, and we think they may be considered gen *924 eral damages. See Hutchison v. Tompkins, 259 So.2d 129 (Fla.1972); Jacksonville Electric Co. v. Batchis, 54 Fla. 192, 44 So. 933 (1907); 17 Fla.Jur.2d (1980) § 32 at 37.
However, we must reverse the award of attorney’s fees to appellees. The award was based on section 57.105, Florida Statutes (1985). That section provides:
The court shall award a reasonable attorney’s fee to the prevailing party in any civil action in which the court finds that there was a complete absence of a justi-ciable issue of either law or fact raised by the losing party. (Emphasis added).
In this case we cannot agree that appellant’s position in this-lawsuit was so devoid of merit as to be frivolous. Wright v. Acierno, 437 So.2d 242 (Fla. 5th DCA 1983). Merely losing is insufficient to invoke the operation of this section. Allen v. Dutton’s Estate, 384 So.2d 171 (Fla. 5th DCA), review denied, 392 So.2d 1373 (Fla.1980).
The trial court also buttressed its attorney’s fee award by finding “intentional misconduct” on the part of appellant. The trial court made no express punitive damage nor tort damage award in this case, although appellees sought such awards. Although intentional misconduct may serve as a basis for punitive damages or tort damages, it does not support an attorney’s fee award.
REVERSED IN PART; AFFIRMED IN PART.
UPCHURCH, C.J., and SHARP, J., concur.
COBB, J., concurs in part, dissents in part, with opinion.