514 So.2d 1077 (1987)
Robert Edward SPOONER, Petitioner,
v.
DEPARTMENT OF CORRECTIONS, Respondent.
Maurice Skoblow, Petitioner,
v.
AMERI-MANAGE, INC., et al., Respondents.
Nos. 68932, 68522.
Supreme Court of Florida.
September 24, 1987.
Rehearing Denied December 1, 1987.
*1078 F. Kendall Slinkman, West Palm Beach, and Edna L. Caruso, P.A., West Palm Beach, for petitioner, Spooner.
Robert A. Butterworth, Atty. Gen., and Mitchell D. Franks, Chief Trial Counsel and Thomas H. Bateman, III, Asst. Atty. Gen., Tallahassee, for respondent, Dept. of Corrections.
Ira J. Kurzban of Kurzban, Kurzban and Weinger, Miami, and Joel V. Lumer, Miami, for Nat. Emergency Civil Liberties Committee, amicus curiae.
Stephen T. Maher, Coral Gables, and Sharon L. Wolfe, Miami, for American Civil Liberties Union Foundation of Florida, Inc., amicus curiae.
Robert Weisberg of Lipman & Weisberg, P.A., Miami, and Sharon L. Wolfe of Cooper, Wolfe & Bolotin, P.A., Miami, for petitioner, Skoblow.
Robert A. Butterworth, Atty. Gen., and Mitchell D. Franks, Chief Trial Counsel and Craig Willis, Asst. Atty. Gen., Tallahassee, for respondents, Ameri-Manage, Inc., et al.
OVERTON, Justice.
The First District Court of Appeal, in Spooner v. Department of Corrections, 488 So.2d 897 (Fla. 1st DCA 1986), certified the following question to this Court:
Has the State of Florida, pursuant to Section 768.28, Florida Statutes (1983), waived its Eleventh Amendment and state common law immunity and consented to suits against the State and its agencies under 42 U.S.C. § 1983?
Id. at 898.
The above case was consolidated with Skoblow v. Ameri-Manage, Inc., 483 So.2d 809 (Fla. 3d DCA 1986), which concerns the identical issue, without certification of the question. We have jurisdiction. Art. V, § 3(b)(4).
We answer the question in the negative for the reasons expressed in our recent decision in Hill v. Department of Corrections, 513 So.2d 129 (Fla. 1987).
We approve the decision of the First District Court of Appeal in Spooner and that of the Third District Court of Appeal in Skoblow, holding the state immune under the eleventh amendment and the common law from suits arising under the federal Civil Rights Act, 42 U.S.C. § 1983.
It is so ordered.
McDONALD, C.J., and EHRLICH, SHAW, GRIMES and KOGAN, JJ., concur.