W. SHARP, Judge,
dissenting.
I respectfully dissent. I do not think that McNayr v. Kelly, 184 So.2d 428 (Fla.1966) is dispositive of this appeal in any way. This case presents the question of whether the trial court abused its discretion in awarding the appellees (City of Satellite Beach, et al.), attorney’s fees against the appellant (Malone), after he voluntarily dismissed his lawsuit. The court found that the complaint showed on its face that it was a frivolous lawsuit and failed to raise any justiciable issue of law or fact. I do not think it was.
Malone filed a complaint against the City of Satellite Beach and the council members individually for defamation based on a resolution it passed containing allegedly false and malicious statements concerning him, which were designed to prevent him from serving on the Brevard (County) Metropolitan Planning Organization Citizens Advisory Board, and to cause him public disgrace and scandal. At the time the resolution was passed, Malone was a candidate for appointment to the Citizens Advisory Board.
The resolution accused Malone of wasting taxpayer monies by filing frivolous suits against Satellite Beach and instigating fruitless investigations against the City. It declared it had received six harassment complaints against him concerning inappropriate comments to its employees and volunteers, and he would be issued a trespass warning. It also declared that he has lowered morale and productivity in the City and that he had (inappropriately ) assisted a drunk driver who killed two City policemen by furnishing information and assistance.
As a basis for the resolution, it states that various mayors of nearby cities, and the vice mayor of Satellite Beach have directed their representatives to the Metropolitan Planning Organization to oppose Malone’s appointment *1068 to the Advisory Board. Accordingly, the City’s resolution recommended that Malone not be appointed to the Advisory Board, and ordained that a copy of the resolution be given to all members of the Brevard County Metropolitan Planning Organization.
In response to the complaint, appellees filed a motion to dismiss which claimed absolute privilege for the defamatory remarks in the resolution on the ground that clearly and on its face, the City was acting in its official legislative capacity and the City, as well as council members, were entitled to absolute immunity for their legislative activity, citing McNayr. Malone did not file a response, but rather dismissed his lawsuit.
McNayr holds for the first time in Florida, that absolute privilege for defamatory remarks applies to government executive officers, to the same degree as that privilege had long been extended to members of the legislative and judicial branches of government. But here, the City of Satellite Beach was allegedly acting in its legislative capacity.
However, McNayr and extensive other authorities, point out that this absolute privilege only applies if the official or officials were acting within the orbit of their official duties and responsibilities in making the defamatory statement:
In summary we hold that executive officials of government are absolutely privileged as to defamatory publications made in connection with the performance of the duties and responsibilities of their office to the same extent as such absolute immunity is afforded to members of the legislative and judicial branches of government, (emphasis supplied)
McNayr, 184 So.2d at 433.
Generally, the existence vel non of an absolute privilege or a qualified privilege to publish defamatory statements is an issue which the alleged defamer must plead by way of defense.[1] When pled it is the obligation of the plaintiff in the suit to respond by showing that the privilege was abused, or for some reason was not applicable to the particular situation.[2] Generally a plaintiff does not have to anticipate a defense by pleading a premature response to it.[3]
In this case, we have only the complaint and motion to dismiss, which raises the absolute privilege issue. The situation is, in my view, at best analogous to the statute of limitations defense cases, which state if it is clear the statute has run on the face of the complaint the complaint can be dismissed on a motion.[4]
Here I do not believe the application of absolute privilege is so clear. Is it part of the City’s official function to make written recommendations to the County about who should or should not be appointed to a county advisory board? The official voice, it appears from the complaint, was the City’s representative to the Metropolitan Planning Organization who had already so acted.
Should absolute privilege apply to any defamatory statement encompassed in a City resolution simply because it is a resolution? The answer must be the privilege does not apply if the City exceeds its jurisdiction and authority. For example, a resolution passed by the City urging voters in the county not to vote for a person running for county office, which was false and malicious, would not be entitled to absolute privilege.[5]
*1069 These issues were never resolved in this ease. But the point is they are substantive and have merit. In such cases, this court has never approved of an award of attorney’s fees on frivolous lawsuit grounds.[6] I do not think we should allow them in this case.

. Schreidell v. Shoter, 500 So.2d 228 (Fla. 3d DCA 1986), rev. denied,511 So.2d 299 (Fla.1987); Miami Herald Pub. Co. v. Ane, 423 So.2d 376 (Fla. 3d DCA 1982); approved 458 So.2d 239 (Fla.1984); Riggs v. Cain, 406 So.2d 1202 (Fla. 4th DCA 1981); Glynn v. City of Kissimmee, 383 So.2d 774 (Fla. 5th DCA 1980).

. See Randolph v. Beer, 695 So.2d 401 (Fla. 5th DCA 1997); Axelrod v.Califano, 357 So.2d 1048 (Fla. 1st DCA 1978).

. Hammonds v. Buckeye Cellulose Corp., 285 So.2d 7 (Fla.1973); Simonin v. Sims, 456 So.2d 499 (Fla. 4th DCA 1984); Johnson v. Southern Bell Tel. & Tel. Co., 169 So.2d 36 (Fla. 3d DCA 1964).

. Koehler v. Merrill Lynch & Co., Inc., 706 So.2d 1370 (Fla. 2d DCA 1998); S.A.P. v. State, Dept. of Health and Rehabilitative Services, 704 So.2d 583 (Fla. 1st DCA 1997); Elegele v. Harley Hotels, Inc., 689 So.2d 1305 (Fla. 5th DCA 1997); Jelenc v. Draper, 678 So.2d 917 (Fla. 5th DCA 1996).

. See Stewart v. Sun Sentinel Co., 695 So.2d 360 (Fla. 4th DCA 1997); Forman v. Murphy, 501 So.2d 640 (Fla. 4th DCA 1986), rev. denied, 513 So.2d 1062 (Fla.1987); Skoblow v. Ameri-Manage, Inc., 483 So.2d 809 (Fla. 3d DCA 1986), *1069 approved, Spooner v. Department of Corrections, 514 So.2d 1077 (Fla.1987); Mueller v. The Florida Bar, 390 So.2d 449 (Fla. 4th DCA 1980).

. Florida Rock Industries, Inc. v. Balbin, 660 So.2d 1 (Fla. 5th DCA 1995); Jacobs v. Jacobs, 633 So.2d 30 (Fla. 5th DCA 1994); Xerox Corp. v. Sharifi, 502 So.2d 1003 (Fla. 5th DCA 1987); Trans-County Van Lines, Inc. v. Kronick, 497 So.2d 923 (Fla. 5th DCA 1986).