358 So.2d 244 (1978)
Jerry L. CRIPE, Appellant,
v.
BOARD OF REGENTS and Dallas Fox, Appellees.
No. HH-371.
District Court of Appeal of Florida, First District.
May 8, 1978.
*245 Herbert T. Schwartz of Schwartz & Wilson, Gainesville, for appellant.
Ashmun N. Brown, Gainesville, for appellees.
MILLS, Judge.
The trial court dismissed Cripe's complaint for defamation and for other relief with prejudice. Cripe appeals contending the trial court erred in finding the alleged defamatory statements were absolutely privileged and in finding he failed to exhaust his administrative remedies as to the other relief he sought.
It appears from the complaint and attached exhibits that Cripe was employed by the Division of Planning and Analysis of the University of Florida. Fox was the Associate Director of the Division and Cripe's immediate supervisor. The alleged defamatory statements attributed to Fox were contained in several employee performance evaluation reports which he was required by Fla. Admin. Code Rule 6C-5.24 to make on Cripe. Fox rated Cripe's performance unsatisfactory and as a result Cripe was terminated as an employee.
In McNayr v. Kelly, 184 So.2d 428 (Fla. 1966), our Supreme Court stated that executive officials of government are absolutely privileged as to defamatory statements made in connection with the performance of the duties and responsibilities of their office. In the McNayr case, a county manager was held to be an executive official of government to whom absolute privilege was extended. The question we must decide is whether an associate director of a division of the University of Florida is an executive official of government to whom absolute privilege is extended.
There is uncertainty as to how far down the ladder absolute privilege extends. There is authority that minor officials are entitled only to qualified privilege. Recent decisions, however, have moved away from the distinction on the basis of rank and look rather to the duties which the officer is required to perform. 26 A.L.R.3d 496 and see 510-515.
In our judgment, an Associate Director of the Division of Planning and Analysis of the University of Florida who is required by a division rule to evaluate the job performance of employees supervised by him is absolutely privileged as to defamatory statements made by him in connection with the evaluations. To hold otherwise would defeat the purpose of the rule requiring *246 employee performance evaluations. A supervisor would not be candid in his evaluations because of a fear of being sued for defamation. An employee who was dissatisfied with his rating would sue and the already overburdened taxpayers would become burdened again with additional governmental expenses to pay.
In addition to seeking damages for his alleged defamation, Cripe also sought to have the evaluation reports of Fox removed from his personnel records and sought to be reinstated to his former job or to a comparable job.
A prerequisite to seeking judicial relief is exhaustion of administrative remedies. School Board of Flagler County v. Hauser, 293 So.2d 681 (Fla. 1974). For expungement of records and for reinstatement to his former job or to a comparable job, Cripe should have proceeded under Chapter 120, Florida Statutes (1975). Cripe failed to pursue and exhaust his administrative remedies.
We affirm the order appealed.
McCORD, C.J., and BOYER, J., concur.