501 So.2d 640 (1986)
Marvin D. FORMAN, Underwriters at Lloyd's of London, International Surplus Lines Insurance Company, Appellants/Cross Appellees,
v.
Harold MURPHY, Appellee/Cross Appellant.
No. 84-2397.
District Court of Appeal of Florida, Fourth District.
December 24, 1986.
Rehearing and Certified Question Denied February 18, 1987.
John C. Randolph and Maureen A. Hackett of Johnston, Sasser, Randolph & Weaver, West Palm Beach, for appellants/cross-appellees.
Montgomery, Lytal, Reiter, Denney & Searcy, P.A., and Philip M. Burlington of Edna L. Caruso, P.A., West Palm Beach, for appellee/cross-appellant.
D. Culver Smith, III, Donald M. Middlebrooks, L. Martin Reeder, Jr., Thomas R. Julin, and Joan H. Lowenstein of Steel Hector Davis Burns & Middleton, Palm Beach, and Ray Ferrero, Jr., of Ferrero, Middlebrooks, Strickland & Fischer, Fort Lauderdale, for amici curiae-Palm Beach Newspapers, Inc., Scripps-Howard Broadcasting Co., News & Sun Sentinel Co., and Photo Electronics Corp.
GLICKSTEIN, Judge.
The defendant/police lieutenant appeals a defamation award against him in favor of the plaintiff/police sergeant. We reverse and remand with direction to enter final judgment for the defendant. The plaintiff cross appeals the trial court's order, which granted another police lieutenant's motion for judgment notwithstanding the verdict. We affirm the cross appeal.
We hold that the communications in question were both clearly made within the scope of the two lieutenants' duties, thus absolutely protecting the defendants from liability by virtue of the four-three decision *641 in City of Miami v. Wardlow, 403 So.2d 414 (Fla. 1981). The majority of the supreme court in Wardlow agreed with the analysis in Cripe v. Board of Regents, 358 So.2d 244 (Fla. 1st DCA), cert. denied, 365 So.2d 710 (Fla. 1978), and quashed the two-one decision in Wardlow v. City of Miami, 372 So.2d 976 (Fla. 3d DCA 1979), saying:
We agree with the court's analysis in Cripe concluding that the controlling factor in deciding whether a public employee is absolutely immune from actions for defamation is whether the communication was within the scope of the officer's duties.
Id. at 416. In so holding the court aligned Florida with the rule adopted for all officers of the United States in Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959). The text of the comments appearing in Restatement (Second) of Torts § 591, recites, in part:
b. In Barr v. Matteo (1959) 360 U.S. 564 [79 S.Ct. 1335, 3 L.Ed.2d 1434], it was held that the rule of absolute privilege stated in Clause (a) extends to all officers of the United States, no matter how inferior their position or duties, so long as the publication is made in the performance of the duties, or, as the Court put it, within the "outer perimeter" of their duties. Accordingly, the rule stated in Clause (a) extends to all federal officers.
... .
f. The absolute privilege stated in this Section exists only when the officer, whether he is a federal officer or a superior officer of a State, publishes the defamatory matter in the performance of his official duties, or within the scope of his line of duty. This does not mean that the publication must be one that the officer in question is required to make, as when the head of a department is required by law to file an annual report concerning its affairs. It is enough that the publication is one that the officer is authorized to make in his capacity as an officer. Thus the head of a federal or state department may be authorized to issue press releases giving the public information concerning the conduct of the department, or events of public interest that have occurred in connection with it; and if he is so authorized he is within the scope of his official duties when he gives the information to the press.
The incident which gave rise to the main appeal occurred on November 1, 1978. One of the defendants, Lieutenant Forman, overheard a conversation between the plaintiff, Sergeant Murphy, and two other officers, which took place in a hallway outside Forman's office. During the conversation, Sergeant Murphy allegedly spoke rather disparagingly and resentfully about the police department and the administration; and he also allegedly advised the other two officers to violate department policy regarding off-duty employment. Forman filed a written report about the incident, quoting language allegedly used by Murphy. It is that communication  the contents of that report  which Murphy alleged defamed him.
A few days later, on November 4, 1978, the other defendant, Lieutenant Shetron, cross appellee here, and Murphy's immediate supervisor, also filed a written report, the subject of which is the basis for the cross appeal. This report pertained to Murphy's leaving the island of Palm Beach while on duty without first requesting permission and without maintaining radio contact. Murphy had gone to Lytal Park in West Palm Beach during his dinner break to watch his son play football.
Soon after these two reports were made about Murphy, the Chief of Police fired him. He was briefly reinstated because only the Town Council of Palm Beach has authority to fire a police officer. The Council subsequently did so after a rather lengthy hearing during which the Council heard from fourteen witnesses. Murphy then sued the Town of Palm Beach, Forman and Shetron. His action against the town was dismissed with prejudice and affirmed by this court; but he was allowed to proceed against Forman and Shetron. *642 Murphy v. Town of Palm Beach, 406 So.2d 50 (Fla. 4th DCA 1981).
Murphy alleged here that the two reports filed by Forman and Shetron defamed him and tortiously interfered with his employment relationship with the police department. A conspiracy count was dismissed. He prayed for compensatory damages.
The case went to trial, the jury returning a verdict in favor of Murphy in the amount of $300,000. The trial court entered a judgment notwithstanding the verdict in favor of Shetron because Murphy admitted the truth of Shetron's report regarding his leaving the island while on duty. Defendant Forman's motions for directed verdict, JNOV, and new trial were denied. The trial court granted defendants' motion for remittitur and reduced the damage award from $300,000 to $175,000, but it was mooted as to Shetron.
It is undisputed that both Forman and Shetron were lieutenants and in supervisory positions over Sergeant Murphy. It is also undisputed that it was Forman and Shetron's duty to file the reports; in fact, Murphy so testified, as well as the Chief of Police, the latter saying that Murphy's hallway conversation violated that section of the department's Duty Manual which prohibits employees from criticizing or ridiculing the department, its policies or other employees in a manner which is defamatory or obscene, or which tends to interfere with the department's efficiency or supervisors' ability to maintain discipline.
It is our view that the controlling factor enunciated by the Florida Supreme Court in Wardlow, that the "communication is within the scope of the officer's duties," 403 So.2d at 416, is present here, and that Forman and Shetron's statements are protected by an absolute privilege.
The trial court, in its order denying Forman's motion for new trial, cited Riggs v. Cain, 406 So.2d 1202 (Fla. 4th DCA 1981). Riggs, however, is distinguishable because it did not involve a public employee and the standard is not the same.
Given our holding, the other issues are moot.
HERSEY, C.J., and GUNTHER, J., concur.