373 So.2d 701 (1979)
Howard WESTON, Appellant,
v.
STATE of Florida, Appellee.
No. LL-463.
District Court of Appeal of Florida, First District.
July 24, 1979.
Rehearing Denied August 28, 1979.
*702 R. Dennis Comfort and Anthony J. Salzman of Jones & Langdon, Gainesville, for appellant.
Herbert T. Schwartz of Schwartz & Wilson, Gainesville, and Pamela L. Lutton, Asst. Atty. Gen., for appellee.
McCORD, Acting Chief Judge.
Appellant, Howard Weston, appeals the trial court's dismissal of his complaint against appellee, the State of Florida. The question raised on this appeal is whether or not § 768.28, Fla. Stat., provides for a waiver of sovereign immunity in this case. We find that it does not.
In July, 1976, appellant, administrative assistant to the Alachua County Commission, was indicted by the Alachua County grand jury on four counts of malpractice in office in violation of § 839.11, Fla. Stat. The grand jury was advised by Eugene Whitworth, State Attorney for the Eighth Judicial Circuit, in its investigation. The grand jury indictment charged that appellant "was acting under color of a public officer" when he committed malpractice in office. The indictment was subsequently dismissed on grounds that the statute did not apply to appellant. Appellant thereafter brought this suit for damages against the state charging malicious prosecution and false imprisonment through Whitworth as an employee or agent of the state. The complaint alleged that Whitworth, acting within his scope of employment as state attorney, advised the grand jury that the indictment could be brought under § 839.11, Fla. Stat., when he knew or should have known that appellant was not within that class of persons chargeable under the statute. It further alleged that, pursuant to § 768.28, Fla. Stat., which waives the state's sovereign immunity under certain circumstances, this action will lie against the state. The trial court granted the state's motions to dismiss and this appeal ensued.
We affirm the order of the trial court. The state attorney's action in this case, as advisor to the grand jury, qualifies as a "certain `discretionary' governmental function" the performance of which is not affected by the statute waiving sovereign immunity. See Commercial Carrier Corporation v. Indian River County, 371 So.2d 1010 (Fla. 1979), in which the Supreme Court ruled:
"So we, too, hold that although section 768.28 evinces the intent of our legislature to waive sovereign immunity on a broad basis, nevertheless, certain `discretionary' governmental functions remain immune from tort liability. This is so because certain functions of coordinate branches of government may not be subjected to scrutiny by judge or jury as to the wisdom of their performance. In order to identify those functions, we adopt the analysis of Johnson v. State, [69 *703 Cal.2d 782, 73 Cal. Rptr. 240, 447 P.2d 352 (1968)] which distinguishes between the `planning' and `operational' levels of decision-making by governmental agencies. In pursuance of this case-by-case method of proceeding, we recommend utilization of the preliminary test iterated in Evangelical United Brethren Church v. State, [67 Wash.2d 246, 407 P.2d 440 (1965)] as a useful tool for analysis."
In Commercial Carrier, the Supreme Court suggested the following preliminary test enunciated by the Supreme Court of Washington in Evangelical United Brethren Church:
"Whatever the suitable characterization or label might be, it would appear that any determination of a line of demarcation between truly discretionary and other executive and administrative processes, so far as susceptibility to potential sovereign tort liability be concerned, would necessitate a posing of at least the following four preliminary questions: (1) Does the challenged act, omission, or decision necessarily involve a basic governmental policy, program, or objective? (2) Is the questioned act, omission, or decision essential to the realization or accomplishment of that policy, program, or objective as opposed to one which would not change the course or direction of the policy, program, or objective? (3) Does the act, omission, or decision require the exercise of basic policy evaluation, judgment, and expertise on the part of the governmental agency involved? (4) Does the governmental agency involved possess the requisite constitutional, statutory, or lawful authority and duty to do or make the challenged act, omission, or decision? If these preliminary questions can be clearly and unequivocally answered in the affirmative, then the challenged act, omission, or decision can, with a reasonable degree of assurance, be classified as a discretionary governmental process and nontortious, regardless of its unwisdom... ."
While the state attorney is a part of the judicial branch of government, the state attorney being an officer of the trial courts (Art. V, § 17, Fla. Const.), we consider that the same guide enunciated for the executive and administrative processes of government would apply generally to the state attorney's prosecutorial functions. As applied to this case, the answers to the above four questions are affirmative. It is necessary to the judicial process in the enforcement of the criminal laws of the state that the state attorney be free from any apprehension that he or she may subject the state to liability for acts performed in the exercise of the discretionary duties of the office. Such acts require the exercise of basic policy evaluation, judgment and expertise in determining whether or not a charge should be made for violation of the state's criminal laws. A curb upon the exercise of such judgment by the state attorney would have a crippling effect upon the state's ability to prosecute for crime. In keeping with Commercial Carrier Corporation, we, thus, do not consider that sovereign immunity has been waived for the exercise of such governmental, prosecutorial functions.
The state is immune from tort liability for the state attorney's action in this case and, therefore, the trial court was correct in granting the motion to dismiss appellant's complaint.
AFFIRMED.
BOOTH and LARRY G. SMITH, JJ., concur.