**Hooshang KADIVAR, M.D.,**
**Plaintiff-Appellant,**

**v.**

**Robert STONE, et al.,**
**Defendants-Appellees.**

**No. 86–5146**

**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Nov. 19, 1986.

James E. Alderman, Swann & Haddock, P.A., Ft. Peirce, Fla., Marguerite H. Davis, Swann & Haddock, P.A., Tallahassee, Fla., for plaintiff-appellant.

Jim Smith, Atty. Gen., for State of Fla., Tallahassee, Fla., Salvatore Carpino, Freeman & Lopez, Tampa, Fla., for defendants-appellees.

Before GODBOLD, VANCE and JOHNSON, Circuit Judges.

## CORRECTED OPINION
PER CURIAM:

Dr. Kadivar filed a 42 U.S.C. § 1983 complaint against four attorneys in the St. Lucie [Florida] State Attorney's Office; two state court judges; Joseph Lawrence, the chief attorney for the Florida Department of Professional Regulation (DPR); the members of the Florida Board of Medical Examiners; and Deletha Spooner, who had complained to the St. Lucie County Police Department about his conduct during her physical examination. Kadivar alleged that the defendant state attorneys investigating Spooner's complaint acted to prejudice his case and conspired with other defendants to terminate his license to practice medicine in Florida, all under color of law. He claimed that Lawrence and the DPR violated his constitutional rights to due process and equal protection of the

laws in the conduct of the administrative proceedings brought against him. Kadivar also alleged that the Board violated his constitutional rights to due process and equal protection in reaching its decision to revoke his license and that the judges violated his constitutional rights in reaching their respective decisions. Finally, Kadivar alleged that Spooner conspired with defendant state attorneys and Lawrence under color of state law to deny Kadivar his constitutional rights to due process and equal protection of the laws in both the administrative and criminal proceedings.

The district court dismissed all claims against all defendants with prejudice and Kadivar appealed. We hold that the district court erred in dismissing Dr. Kadivar's complaint against the state attorneys and Lawrence on grounds of absolute immunity. In addition, the district court erred in dismissing the complaint against Spooner on the ground that Dr. Kadivar failed to plead facts that would support a finding of involvement by Spooner in a conspiracy to deprive plaintiff of his constitutional rights.[1]

The immunity available to a prosecutor turns upon the functional nature of his activities rather than upon his status. A prosecutor has absolute immunity only when engaged in activities intimately associated with the judicial process, such as initiating a prosecution and presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Marrero v. City of Hialeah*, 625 F.2d 499 (5th Cir.1980). Although a prosecutor enjoys absolute immunity when engaging in quasi-judicial functions, he has only a qualified immunity when carrying out administrative or investigative functions. *Marrero*, 625 F.2d at 504–05. It is necessary to determine whether the activities of Lawrence and the state attorneys fell within the zone of absolute protection. That they were "acting in their official capacity" is alone insufficient to earn them absolute immunity; they must also have been engaging in quasi-judicial functions. When a prosecutor is acting as an advocate for the state, some of his duties may involve actions outside the courtroom and prior to the initiation of the prosecution. The district court must determine whether the alleged activities in this case were part of defendants' roles as advocates rather than investigators or administrators.

Dismissal of a § 1983 complaint is not proper unless it appears that a plaintiff can prove no set of facts which would entitle him to relief. A private person who conspires with state officials acting under color of state law may be held liable for damages in a § 1983 action for participating in the conspiracy regardless of whether the state officials are immune from suit. *Sparks v. Duval County Ranch Company, Inc.*, 604 F.2d 976, 982–83 (5th Cir.1979) (en banc), *cert. denied*, 445 U.S. 943, 100 S.Ct. 1339, 63 L.Ed.2d 777, 449 U.S. 1021, 101 S.Ct. 588, 66 L.Ed.2d 483 (1980). The facts alleged by Dr. Kadivar in support of his claim that Spooner was involved in a conspiracy to deprive him of his right to practice medicine were sufficiently specific to make the complaint more than a bare bones allegation.

Our decision does not imply that the case cannot be disposed of by summary judgment; this is for the district court.

---

1. Plaintiffs argue that if the district court included Lawrence in its dismissal of Count IV on Eleventh Amendment grounds, it erred in so holding. Because we find that the district court dismissed only the claims against DPR and the Florida Board of Medical Examiners on Eleventh Amendment grounds, we need not address the issue of whether the Eleventh Amendment would bar Dr. Kadivar's suit against Lawrence.