503 So.2d 1324 (1987)
Erling Knud Ove HANSEN, Jr., Appellant,
v.
STATE of Florida, et al., Appellees.
Nos. BM-185, BN-26.
District Court of Appeal of Florida, First District.
March 10, 1987.
*1325 Erling Knud Ove Hansen, Jr., pro se.
Jim Smith, Atty. Gen., and Rivers Buford, Jr., Asst. Atty. Gen., Tallahassee, for appellees State of Fla., Estate of Harry Morrison and Robert L. Cummings.
Julius F. Parker, Jr. and Gayle S. Swedmark of Parker, Skelding, Costigan, McVoy & Labasky, Tallahassee, for appellees W.A. Woodham, Ken Katsaris, Joel Broome, Dick Simpson and Dayle Hinman.
WIGGINTON, Judge.
In two consolidated appeals, appellant challenges the dismissal of his complaint seeking damages on a variety of bases, and naming as defendants a number of state prosecutors, sheriffs, and deputy sheriffs, as well as the State. The trial court dismissed the complaint across the board as to all but one count on the basis that the causes of action were barred by section 768.28(6), Florida Statutes, (1979), by virtue of appellant's failure to satisfy the statutory condition precedent of presenting his claim in writing to the Department of Insurance and the appropriate agency. As to the remaining count, it was dismissed on the basis of prosecutorial immunity.
Appellant was arrested in April, 1980, and charged with sexual battery. He was acquitted by a jury in December of that same year. Defendant Cummings was the prosecutor, and defendant the late Harry Morrison, his estate having been substituted, was the State Attorney for the Second Judicial Circuit. These defendants, as well as the State, are charged in the complaint individually and in their official capacity with gross negligence in conducting the investigation, false imprisonment, and malicious prosecution.
Defendant Simpson, information officer for the Leon County Sheriff's Department, is charged with libel and/or defamation by making certain malicious and false statements to the media concerning appellant's criminal prosecution. Defendant Hinman, an investigator with the Leon County Sheriff's Department is charged with slander and/or libel, and with gross negligence in the investigation. Defendants Katsaris (former Sheriff of Leon County) and Broome (Lieutenant, Gadsden County Sheriff's Department) are allegedly liable, directly (Broome) and vicariously (Katsaris and Woodham), for false arrest and/or false imprisonment.
Having thus set forth the cast of characters, we turn first to the order dismissing the counts naming Cummings, the Estate of Harry Morrison, and the State. Appellant sought to hold Cummings directly liable for negligent investigation and false arrest and/or false imprisonment, and the State and Estate vicariously liable for these alleged torts. As to these counts, the court ruled the cause of action was barred by section 768.28(6). As initially noted by the court, that section requires that a Notice of Claim be given to the State *1326 agency or subdivision involved and to the Department of Insurance within three years after such claim accrues. Such notice is a condition precedent to the maintenance of a cause of action against a State agency or subdivision, and insofar as appellant's claim was against the State and Morrison, in his official capacity, the order of dismissal was correct. However, insofar as the complaint alleged "malicious intent" and "gross negligence," the complaint stated a cause of action against Cummings, individually, for which section 768.28(6) does not require a written claim. See section 768.28(9), Florida Statutes (1979); West v. Wainwright, 380 So.2d 1338 (Fla. 1st DCA 1980).
Nonetheless, state prosecutors are entitled to absolute immunity when they perform their quasi-judicial functions of initiating prosecution and presenting the state's case. Lloyd v. Hines, 474 So.2d 376 (Fla. 1st DCA 1985). As was held in Berry v. State, 400 So.2d 80 (Fla. 4th DCA), rev. denied, 411 So.2d 380 (Fla. 1981), "the conduct of a state attorney in the exercise of his prosecutorial duties qualifies as a discretionary governmental function the performance of which is not affected by the statute waiving sovereign immunity." Id. at 84.
Although an exception to immunity exists in the areas of investigative or administrative misconduct, the prosecutorial conduct on which appellant bases his allegation of negligent investigation, i.e., the suppression of exculpatory evidence, falls within "the band of prosecutorial immunity." Henzel v. Gerstein, 608 F.2d 654, 657 (5th Cir.1979). "[P]rosecutorial immunity extends to a prosecutor's actions in `initiating and pursuing a criminal prosecution and presenting the state's case.'" Id. See also Lee v. Willins, 617 F.2d 320 (2d Cir.), cert. denied, 449 U.S. 861, 101 S.Ct. 165, 66 L.Ed.2d 78 (1980); Brawer v. Horowitz, 535 F.2d 830 (3d Cir.1976). Accordingly, on the basis of prosecutorial immunity, we also affirm the court's dismissal of the negligent investigation count as to Cummings. Chase v. Cowart, 102 So.2d 147, 150 (Fla. 1958).
Using the same analysis as to the false imprisonment claim, we hold that it was properly dismissed as to the State and the estate of Morrison as being barred by section 768.28(6). Appellant's cause of action accrued upon his arrest. Leatherwood v. City of Key West, 347 So.2d 441 (Fla. 3d DCA 1977), cert. denied, 358 So.2d 131 (Fla. 1978); Gordon v. City of Belle Glade, 132 So.2d 449 (Fla. 3d DCA 1961). However, as held above, dismissal as to Cummings would be proper on the basis of prosecutorial immunity. Lloyd v. Hines.
Finally, we affirm the court's dismissal of the malicious prosecution claim for the stated reason of prosecutorial immunity. Berry v. State, 400 So.2d 80 (Fla. 4th DCA), rev. denied, 411 So.2d 380 (Fla. 1981); Weston v. State, 373 So.2d 701 (Fla. 1st DCA 1979).
We now reach those counts of the complaint seeking to impose liability on the law enforcement officers. Again, insofar as the claim was against the State and the sheriffs, the dismissal was appropriate. Cf. Beard v. Hambrick, 396 So.2d 708 (Fla. 1981) (sheriff is a county official, and, as such, an integral part of the county as a political subdivision). But, insofar as the complaint alleged that Hinman, Simpson, and Broome acted with malicious purpose and gross negligence, it stated a cause of action against those defendants individually. West v. Wainwright; Lloyd v. Hines.
The order of dismissal appealed in Case No. BM-185 is AFFIRMED. The order of dismissal appealed in Case No. BN-26 is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
WENTWORTH and NIMMONS, JJ., concur.