520 So.2d 59 (1988)
Barbara LLOYD, Appellant,
v.
Lawrence ELLIS, Individually and in His Official Capacity As Sheriff of Nassau County, Sam Hayward, Individually, and in His Official Capacity As Nassau County Investigator, and Nassau County, a Political Subdivision, Individually and in Its Official Capacity, Appellees.
No. 87-29.
District Court of Appeal of Florida, First District.
January 27, 1988.
Rehearing Denied March 11, 1988.
*60 Barbara Lloyd, pro se.
Gayle Smith Swedmark of Parker, Skelding, McVoy & Labasky, Tallahassee, for appellees Ellis and Hayward.
ZEHMER, Judge.
Appellant, Barbara Lloyd, appeals from orders granting Appellees Ellis and Hayward's motions to dismiss her civil rights action. Lloyd sued Ellis and Hayward individually and in their official capacities as county sheriff and county investigator, respectively, for violation of her civil rights based on allegations of false arrest and cruel and unusual punishment. The trial court dismissed the complaint on the ground that Lloyd failed to comply with the notice requirements of the Florida waiver of immunity statute, section 768.28(6), Florida Statutes (1985). This statute requires that, as a condition precedent to maintaining a cause of action against the state or one of its agencies, notice must be given to the agency or subdivision involved and to the Department of Insurance a stated period of time prior to filing suit.
The federal civil rights statute, 42 U.S.C.A. § 1983 (1981), does not operate as a waiver of sovereign immunity in respect to actions under that statute against state agencies and officials; nor has the state of Florida waived immunity from suit under that federal statute by reason of the enactment of section 768.28. Spooner v. Department of Corrections, 514 So.2d 1077 (Fla. 1987); Hill v. Department of Corrections, 513 So.2d 129 (Fla. 1987). See also, Gamble v. Florida Department of Health and Rehabilitative Services, 779 F.2d 1509 (11th Cir.1986). Since Appellant's causes of action against both defendants in their official capacities are not subject to section 768.28, obviously the notice requirements in that statute are not applicable. Nevertheless we affirm the dismissal of the section 1983 actions as to Appellees in their official capacities because it is now settled that such actions remain subject to the doctrine of sovereign immunity. Id. Since other causes of action for false arrest, and so forth, against the Appellees in their official capacities could be maintained, if at all, under section 768.28, failure to comply with its notice requirements would bar any such cause of action should Appellant's pro se complaint be subject to such construction. Therefore, we affirm the dismissal of Lloyd's cause of action against Ellis and Hayward in their official capacities.
The notice requirements in section 768.28(6), however, are not applicable to Lloyd's cause of action against Ellis and Hayward in their individual capacities. Hansen v. State, 503 So.2d 1324 (Fla. 1st DCA 1987). Accordingly, we reverse the dismissal of Lloyd's causes of action against Ellis and Hayward in their individual capacities and remand for further proceedings on those causes of action.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
BOOTH and WIGGINTON, JJ., concur.