Robert Shawn **MAJETTE**, Plaintiff,

v.

Robert A. **BUTTERWORTH**, individually and in his official capacity as former Sheriff of and for Broward County, Florida,* Defendant.

No. 81–6334–Civ.

United States District Court, S.D. Florida.

April 25, 1988.

---

* The current style of this action reflects the following occurrences: 1) Plaintiff Robert Shawn Majette and defendants Michael O'Connor, Peter Mark Melwid, Austin Quinn, Leo Callahan, and the City of Fort Lauderdale have reached a settlement subsequent to the plaintiff's appeal from this Court's Order dismissing Robert A. Butterworth as a defendant. *See Majette v. O'Connor*, 811 F.2d 1416, 1417 (11th Cir.1987) and 2) This court has dismissed with prejudice defendants Daniel Santa Lucia (DE 36 at 2) and John Smith (DE 32 at 7). Thus, defendant Butterworth is the only remaining defendant in this action.

Douglas S. Lambeth, Fort Lauderdale, Fla., for plaintiff.

John W. Jolly, Jr., Shailer, Purdy & Jolly, P.A., Fort Lauderdale, Fla., for defendant.

## ORDER

PAINE, District Judge.

This cause comes before the Court upon defendant's supplemental motion to dismiss (DE 69), plaintiff's motion to strike (DE 70), and plaintiff's motion for default judgment (DE 70). For the reasons set forth below, the Court denies plaintiff's motion to strike and plaintiff's motion for default judgment. Defendant's motion to dismiss is denied in part and granted in part.

I.

Plaintiff Robert Shawn Majette (Majette) has alleged that on March 8, 1979 and March 9, 1979 several Fort Lauderdale police officers and Broward County deputy sheriffs violated his constitutional rights and committed various torts upon him (DE 33). Majette was a third year law student from the State of Virginia on a spring break vacation at the time of the alleged improper conduct (DE 33 at 2).

The plaintiff sued various Fort Lauderdale police officers, Broward County deputy sheriffs, the Fort Lauderdale police chief, the City of Fort Lauderdale and Robert A. Butterworth former Broward County Sheriff (Butterworth) (DE 1 and DE 33).[1] Eventually, Majette reached a settlement with most of the defendants (DE 64 and DE 65) and this Court dismissed the remaining defendants with prejudice for various reasons (DE 32 at 7, DE 36 at 2 and DE 59).

This Court's order dismissing defendant Butterworth (DE 59) was appealed by Majette to the Eleventh Circuit Court of Appeals (DE 62). Ultimately, the Eleventh Circuit reversed and remanded. *See Majette v. O'Connor*, 811 F.2d 1416 (11th Cir. 1987).

On April 1, 1987, the same day that the Eleventh Circuit reversed this Court's order by mandate (DE 66), Butterworth sought Court approval for substitution of counsel (DE 67). Defendant's request was filed on April 22, 1987 (DE 67). This Court

1. The Court notes that a stipulation was made between plaintiff Majette and the State of Florida under which Majette submitted himself to a polygraph examination concerning an alleged March 8, 1979 battery upon a law enforcement officer. The terms of said stipulation were that if Majette passed the test, all charges would be dropped against him and that if he failed the test, it could be introduced as evidence against him at the time of trial. Majette passed the polygraph examination and pursuant to Florida law Majette's motion to dismiss was granted in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida on January 16, 1980 (DE 1, Appendix).

granted defendant's request on April 24, 1987 (DE 68).

█ Butterworth's new counsel filed a supplemental motion to dismiss plaintiff's complaint on May 4, 1987 (DE 69). Whereby, plaintiff filed a motion to strike (DE 70) and a motion for default judgment (DE 70) on May 12, 1987. Majette contends that defendant's filing was not timely (DE 70 at 1). Butterworth replies that due to the "simultaneous complications" of both the issuance of a mandate and substitution of counsel which required judicial approval, his conduct amounts to at most, excusable neglect (DE 71 at 3). For his part, Majette fails to demonstrate prejudice from this minor delay.

In view of the active litigation that has transpired between the parties since 1981 (DE 1—DE 74), it is this Court's opinion that granting Majette's motion to strike and motion for default at this juncture would be an abuse of the Court's discretion.[2] Cf. United Coin Meter Co., Inc. v. Seaboard Coastline R.R., 705 F.2d 839, 844–45 (6th Cir.1983) (default judgment should only be resorted to in the most extreme cases). Accordingly, it is hereby

ORDERED AND ADJUDGED that plaintiff's motion to strike (DE 70) and plaintiff's motion for default judgment (DE 70) are denied.

## II.

Butterworth contends in his supplemental motion to dismiss plaintiff's complaint (DE 69) that: 1) This Court lacks subject matter jurisdiction because Butterworth is immune in this forum pursuant to the protections and prohibitions of the United States Constitution's Eleventh Amendment and 2) This Court lacks subject matter jurisdiction over this action because Majette has failed to allege sufficient facts stating a claim upon which relief can be granted in this forum (DE 69). The Court finds meritless defendant's contention that it is im-

proper for the Court to review subject matter jurisdiction at this juncture of the dispute. See F.R.C.P. Rule 12(h)(3). See also, Kentucky Fried Chicken v. Diversified Packaging, 549 F.2d 368, 391 (11th Cir.1977).

█ In Gamble v. Florida Department of Health and Rehabilitation Services, 779 F.2d 1509 (11th Cir.1986), the Eleventh Circuit undertook a comprehensive examination of the protections and prohibitions offered by the Eleventh Amendment as they relate to 42 U.S.C. § 1983 and Fla. Stat.Ann. § 768.28.[3] The Eleventh Circuit held that § 1983 actions brought against the State of Florida, its agencies, subdivisions, or officers are barred by the Eleventh Amendment notwithstanding Florida's limited waiver of sovereign immunity as stated in Fla.Stat.Ann. § 768.28. Gamble, 779 F.2d at 1520; see also, Hill v. Department of Corrections, 513 So.2d 129 (Fla. 1987). The Florida Supreme Court has held that § 768.28 is applicable to sheriffs. See Beard v. Hambrick, 396 So.2d 708, 711 (Fla.1981). Accordingly, Majette's § 1983 action against Butterworth in his official capacity as sheriff must fail.

However, the Eleventh Circuit has specifically held that state officers such as Butterworth may be sued in their individual or personal capacities for § 1983 violations. See Gamble, 779 F.2d at 1512–13 and Lundgren v. McDaniel, 814 F.2d 600, 603–04 (11th Cir.1987); see also, Brandon v. Holt, 469 U.S. 464, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985) and Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). In the present § 1983 action, Majette has sued Butterworth in both his individual and official capacities (DE 33). Majette, 811 F.2d at 1417. Thus, Majette's § 1983 action against Butterworth in his individual capacity will survive despite the Eleventh Amendment's protections and prohibitions. See, e.g., Fitzgerald v. McDaniel, 833 F.2d 1516, 1520 (11th Cir. 1987).

---

**2.** The Court notes further that Butterworth has filed an answer (DE 73) and Majette has filed a response to affirmative defenses (DE 74).

**3.** Fla.Stat.Ann. § 768.28 is entitled: "Waiver of sovereign immunity in tort actions; recovery limits; limitation on attorney fees; statute of limitations; exclusions."

It is enough for Majette to show that Butterworth was acting under color of state law and caused the deprivation of one of Majette's federal rights for the plaintiff to prevail against Butterworth individually in his § 1983 action. *See Kentucky v. Graham,* 473 U.S. 159, 167–68, 105 S.Ct. 3099, 3106, 87 L.Ed.2d 114 (1985); *see also, Wideman v. Shallowford Community Hospital, Inc.,* 826 F.2d 1030, 1032 (11th Cir.1987). In the case *sub judice,* Majette has alleged that Butterworth knew or should have known that pre-trial detainees such as Majette were forced to confront unsanitary and constitutionally objectionable conditions of detention in facilities under Butterworth's control and authority (DE 33 at 14). Specifically, the plaintiff has alleged that he was confined to a solitary cell under Butterworth's control and that

> [t]his solitary cell was coated with human feces and urin (sic) and [plaintiff] had no source of drinking water except a non-functioning toilet located therein, which overflowed with feces.... [Majette contends further that despite] repeated requests, the deputies and officers in charge of Plaintiff's custody refused to provide Plaintiff with a blanket or other covering or potable water.

(DE 33 at 9).

■ The due process clause of the Fourteenth Amendment to the United States Constitution requires states to provide pretrial detainees with some minimal level of necessities and "the failure to provide that level of necessities violates due process—even though the conditions imposed served some ordinarily legitimate state objective." *Hamm v. DeKalb County,* 774 F.2d 1567, 1573 (11th Cir.1985); *see generally, H.C. by Hewett v. Jarrard,* 786 F.2d 1080 (11th Cir.1986) and *Wright v. McMann,* 387 F.2d 519 (2d Cir.1967). In light of the aforementioned allegations by plaintiff, the Court is persuaded that granting defendant's motion to dismiss at this time would be premature. Majette has alleged that Butterworth: 1) was acting under color of state law and 2) caused the deprivation of to at least one of Majette's federal rights, namely his right to due process under the Fourteenth Amendment.[4] *See Graham,* 105 S.Ct. at 3106; *Hamm,* 774 F.2d at 1573. Butterworth's contention that Majette has failed to allege sufficient facts to state a claim upon which relief can be granted is meritless for the reasons set forth above. Therefore, it is hereby

ORDERED AND ADJUDGED that defendant's motion to dismiss is denied as to defendant in his individual capacity and granted as to defendant in his official capacity.

### III.

Plaintiff raises two state tort causes of action against defendant Butterworth: 1) assault and battery (DE 33 at 24–28) and 2) false imprisonment (DE 33 at 28–34). Unlike former co-defendants Melwin, Quinn and O'Connor who Majette specifically sued for assault and battery in both their individual (DE 33 at 27) and official capacities (DE 33 at 24), the Court finds that plaintiff chose to sue defendant Butterworth only in his official capacity (DE 33 at 25) for this alleged tort. Likewise, former co-defendants Melwid, Quinn, O'Connor and Santa Lucia were singled out by Majette in both their individual (DE 33 at 28) and official capacities (DE 33 at 29) for false arrest. Defendant Butterworth, on the other hand, was sued only in his official capacity for this cause of action (DE 33 at 29).

Fla.Stat.Ann. § 768.28(6) reads as follows:

> (6)(a) An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the

---

**4.** Majette has also alleged several other constitutional violations in his complaint (DE 33). However, neither party has fully addressed these other alleged constitutional violations (*i.e.* the constitutionality of the master bail bond schedule allegedly used by the deputy sheriffs in this case). The Court will not address these other alleged constitutional violations at this time but each party is strongly urged to file an appropriate memorandum of law regarding these matters.

appropriate agency and also, except as to any claim against a municipality, presents such claim in writing to the Department of Insurance, within 3 years after such claim accrues and the Department of Insurance or the appropriate agency denies the claim in writing; except that, if such claim is for contribution pursuant to s. 768.31, it shall be so presented within 6 months after the judgment against the tortfeasor seeking contribution has become final by lapse of time for appeal or after appellate review or, if there is no such judgment, within 6 months after the tortfeasor seeking contribution has either discharged the common liability by payment or agreed, while the action is pending against him, to discharge the common liability. The failure of the Department of Insurance or the appropriate agency to make final disposition of a claim within 6 months after it is filed shall be deemed a final denial of the claim for purposes of this section. The provisions of this subsection do not apply to such claims as may be asserted by counterclaim pursuant to s. 768.14.

(b) For purposes of this section, the requirements of notice to the agency and denial of the claim are conditions precedent to maintaining an action but shall not be deemed to be elements of the cause of action and shall not affect the date on which the cause of action accrues.

 Presently, the Court file fails to reflect that defendant Butterworth has been properly served with written notice of these state tort claims pursuant to Fla.Stat. Ann. § 768.28(6). Similarly, the Court file fails to reflect that the Department of Insurance was properly served with written notice of Majette's state tort claims. Such written notice is a condition precedent to a state tort action against Butterworth in his official capacity. *Hansen v. State*, 503 So. 2d 1324, 1326 (Fla. 1st DCA 1987).

Under section 768.28(6), not only must the notice be given before a suit may be maintained, but also the complaint must contain an allegation of such notice. *Commercial Carrier Corp. v. Indian River County*, 371 So.2d 1010 (Fla.1979).

Where the time for such notice has expired so that it is apparent that the plaintiff cannot fulfill the requirement, the trial court has no alternative but to dismiss the complaint with prejudice.

*Levine v. Dade County School Board*, 442 So.2d 210, 213 (Fla.1983).

Therefore, it is hereby

ORDERED AND ADJUDGED that plaintiff must file proof of timely written notice to defendant Butterworth and the Department of Insurance pursuant to Fla. Stat.Ann. § 768.28 within twenty (20) days of the date of this Order or plaintiff's state tort actions against defendant Butterworth shall be dismissed with prejudice.

DONE AND ORDERED.