The Honorable Michael J. Satz State Attorney Seventeenth Judicial Circuit Suite 600 Broward County Courthouse Fort Lauderdale, Florida 33301
Dear Mr. Satz:
This is in response to your request for an opinion on substantially the following questions:
 1. What immunity from civil liability do the State Attorney and the special organized crime investigators employed by the State Attorney pursuant to s. 27.251, F.S., enjoy?
 2. What is the State Attorney's personal civil liability for the actions of special organized crime investigators employed pursuant to s. 27.251, F.S.?
 3. Are the actions of the special organized crime investigators within the scope of the State Attorney's responsibilities so that the Division of Risk Management will pay any judgment entered against the State Attorney and assign an attorney to represent the State Attorney fully in the event of a lawsuit concerning the activities of this organized crime unit?
In summary:
 1. A State Attorney possesses absolute immunity from civil liability in tort actions brought in state courts and in Title 42 U.S.C. § 1983 actions in federal courts for conduct falling within the scope of his or her prosecutorial duties. In carrying out administrative or investigative functions, however, a prosecutor enjoys only qualified, good faith, immunity. Qualified immunity is enjoyed by investigative officers, such as special organized crime investigators, under the provisions of Title 42 U.S.C. § 1983. A special organized crime investigator is protected by the provisions of s. 768.28, F.S., from personal liability in tort for actions which come within the scope of his or her employment or function unless the investigator "acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property."
 2. Pursuant to Title 42 U.S.C. § 1983, a State Attorney may not be held liable on a theory of respondeat superior or vicarious liability for actions of a special organized crime investigator as such an investigator is responsible for his or her own actions. The exclusive remedy under s. 768.28, F.S., for damages resulting from the actions of a special organized crime investigator would be an action against the State Attorney employing the investigator. Such action would be brought against the State Attorney in his or her official capacity, not personally, and would subject the State Attorney to no personal liability.
 3. A determination of whether the actions of a special organized crime investigator are within the scope of the State Attorney's responsibilities for purposes of payment of judgments and assignment of legal counsel by the Division of Risk Management must be made by the division on a case-by-case basis.
Questions One and Two
As your first and second questions are related, they will be answered together.
The State Attorney of each judicial circuit is authorized to employ any municipal or county police officer or sheriff's deputy on a full-time basis as a special organized crime investigator for the State Attorney's office. Such investigators serve on a special task force to investigate matters involving organized crime with arrest powers throughout the particular judicial circuit.[1] A special organized crime investigator is declared to be a law enforcement officer of the state under the direction and control of the State Attorney who employs him or her.[2] Section27.255(3), F.S., provides that "[i]n the performance of any of the powers, duties, and functions authorized by law or this section, investigators employed by a state attorney or appointed pursuant to the provisions of s. 27.251 shall have the same rights, protections, and immunities afforded other peace or law enforcement officers."
Liability under Title 42 U.S.C. § 1983
Title 42 U.S.C. § 1983 provides that "every person" who acts under color of state law to deprive another of a constitutional right shall be answerable to that person in a suit for damages.[3] The courts have been reluctant to clothe any person with immunity which would frustrate the statute's design of providing vindication to those wronged by the misuse of state power.[4] For this reason immunities are extended to government officials only when "overriding considerations of public policy nonetheless deman[d] that the official be given a measure of protection from personal liability" to ensure his or her ability to function effectively.[5]
A prosecutor, for reasons of public policy, enjoys absolute immunity under the common law from civil liability in tort actions brought in state courts and in Title 42 U.S.C. § 1983 actions in federal court, when acting within the scope of his or her prosecutorial duties.[6] The United States Supreme Court has described the rationale for such immunity as follows:
 The common-law immunity of a prosecutor is based upon the same considerations that underlie the common-law immunities of judges and grand jurors acting within the scope of their duties. These include concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust.[7]
A distinction has been made by the courts between prosecutorial activities (also described as quasi-judicial activities) and investigative or administrative conduct by a prosecutor. As the United States Court of Appeals, Eleventh Circuit, recently determined, it is not the status of prosecutor but the functional nature of a prosecutor's activities upon which immunity turns.[8]
The court stated that "[a] prosecutor has absolute immunity only when engaged in activities intimately associated with the judicial process, such as initiating a prosecution and presenting the state's case."[9] A prosecutor enjoys only a qualified, good faith, immunity when carrying out administrative or investigative functions.[10] Similarly, an investigative officer, such as a special organized crime investigator is entitled to a qualified, good faith immunity from liability for his or her investigative actions.[11] The test for qualified immunity is an objective one: whether the conduct of a governmental official "violate[s] clearly established statutory or constitutional rights of which a reasonable person would have known."[12] The determination of whether the activities of a State Attorney or a special organized crime investigator fall within a zone of protection must be made by a court on a case-by-case basis.[13]
With regard to an action against the State Attorney under Title42 U.S.C. § 1983 for the actions of a special organized crime investigator, a supervisory official may not be held liable under section 1983 on a respondeat superior or vicarious liability theory.[14] Under provisions of this statute an official is held liable for his or her personal actions.
Liability under s. 768.28, F.S.
The Legislature, by enacting s. 768.28, F.S., has waived the State's immunity from tort liability to the extent provided therein. Section 768.28(1), F.S., waives sovereign immunity in tort actions against the state or its agencies or subdivisions to recover money damages for injury or loss of property, personal injury, or death caused by an employee of the agency or subdivision. Such injury or damage must have been sustained while the employee was acting within the scope of his or her office or employment and under circumstances in which the state would be liable if it were a private person.[15]
Limited immunity from civil liability in tort actions for certain officers and employees of the state or its subdivisions is provided by s. 768.28(9)(a), F.S., as follows:
 No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. . . . The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity, or the head of such entity in his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.
 As used in this act, "state agencies or subdivisions" include the judicial branch.[16] The State Attorney has been determined to be a part of the judicial branch of government for purposes of s. 768.28, F.S.[17] However, Florida courts have determined that "the conduct of a state attorney in the exercise of his prosecutorial duties qualifies as a discretionary governmental function the performance of which is not affected by the statute waiving sovereign immunity." Thus, the adoption of s. 768.28, F.S., did not abrogate the long-held common law immunity of public prosecutors discussed above.[18]
 With regard to liability of a special organized crime investigator employed pursuant to s. 27.251, F.S., the provisions of s. 768.28(9)(a), F.S., supra, would protect such an investigator from personal liability in a tort action brought as a result of "any injury or damage suffered as a result of any act, event, or omission of action in the scope of his employment or function" unless the investigator "acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property." The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of such an investigator is an action against the State Attorney, in his or her official capacity.[19] Such an action against a State Attorney does not subject the State Attorney to personal liability but limits recovery to an action against the prosecutor in his or her official capacity.[20]
Question Three
With regard to your third question, a determination of whether certain actions taken by investigators employed pursuant to s.27.251, F.S., are within the scope of the State Attorney's responsibility for purposes of payment of judgments and assignment of legal counsel by the Department of Insurance, Division of Risk Management, must be made by that agency. Such a determination must be based on the facts involved in each case.
However, to provide you with some general guidance in this area, I note that s. 284.30, F.S., establishes a state self-insurance fund designated as the "Florida Casualty Insurance Risk Management Trust Fund" which is to provide insurance for, among other things, general liability and federal civil rights actions and court-awarded attorney's fees in other proceedings against the state. Section 284.31, F.S., describes the scope and types of coverage to be provided by the Insurance Risk Management Trust Fund, which, pursuant to the statute, shall "cover all departments of the State of Florida and their employees, agents, and volunteers. . . ." The insurance programs developed in Part II, Ch.284, F.S.,[21] provide that, with regard to a claim for damages in a tort action against the state, the limits of liability are those provided in s. 768.28, F.S.[22] However, such limits of liability do not apply to civil rights actions arising out of42 U.S.C. § 1983, or similar federal statutes.[23] Thus, to the extent determined by the Department of Insurance, Division of Risk Management, it would appear that the insurance programs described in Part II, Ch. 284, F.S., would provide insurance coverage for general liability and federal civil rights actions and court-awarded attorney's fees in actions brought against special organized crime investigators or the State Attorney as described herein.
In summary, a State Attorney possesses absolute immunity under the common law from civil liability in tort actions brought in state courts and in Title 42 U.S.C. § 1983 actions in federal courts for actions which fall within the scope of his or her prosecutorial duties. However, a prosecutor enjoys only qualified immunity when carrying out administrative or investigative functions. Such qualified immunity under Title 42 U.S.C. § 1983
is also enjoyed by other investigative officers, such as a special organized crime investigator. Pursuant to this federal statute a State Attorney may not be held liable under a respondeat superior or vicarious liability theory for the actions of an investigator employed pursuant to s. 27.251, F.S., such an investigator being liable for his or her own actions. As provided in s. 768.28(9)(a), F.S., no special organized crime investigator would be personally liable for any injury or damages sustained as a result of an act, event or omission of action within the scope of his or her employment or function, the exclusive remedy under such circumstances being an action against the State Attorney in his or her official capacity.
Sincerely,
Robert A. Butterworth Attorney General
(gh)
[1] Section 27.251(1), F.S. And see, s. 27.255, F.S., which further delineates the arrest authority of such investigators, their required qualifications, rights, and immunities.
[2] Section 27.255(1), F.S.
[3] Imbler v. Pachtman, 424 U.S. 409, 417 (1976).
[4] Marrero v. City of Hialeah, 625 F.2d 499, 503 (5th Cir. 1980).
[5] Marrero, supra.
[6] Berry v. State, 400 So.2d 80, 84 (4 D.C.A. Fla., 1981).
[7] Imbler, supra at 422-423. And see, Weston v. State,373 So.2d 701, 703 (1 D.C.A. Fla., 1979).
[8] Kadivar v. Stone, 804 F.2d 635 (11th Cir. 1986).
[9] Kadivar, supra at 637. See also, Imbler, supra; Marrero, supra.
[10] Kadivar, supra. And see, McSurely v. McClellan, 697 F.2d 309
(D.C. Cir. 1982).
[11] See, McSurely, supra at 319. And see, Marrero, supra at 508; Rich v. Dollar, Case No. 87-5028 (11th Cir. April 15, 1988).
[12] McSurely, supra at 320.
[13] As the court recognized in Kadivar v. Stone, supra at 637, it is the trial court which must determine whether particular activities constitute part of the respondent/defendant's role as advocate rather than as investigator or administrator. While no exhaustive attempt to delineate investigative or administrative activity as opposed to prosecutorial or quasi-judicial conduct is made here, examples of such activities may be found in judicial opinions such as Marrero v. City of Hialeah, supra at 505 (5th Cir. 1980) (interviewing grand jury witnesses may be classified as quasi-judicial while "a prosecutor who assists, directs or otherwise participates with, the police in obtaining evidence prior to an indictment undoubtedly is functioning more in his investigative capacity. . . .") See also, Imbler, supra; Lloyd v. Hines, 474 So.2d 376 (1 D.C.A. Fla., 1985).
[14] See, Carr v. Bell, 492 F. Supp. 832, 835 (N.D.Fla., 1980); Lloyd, supra at 379 (a supervisory official may not be held liable under s. 1983 on a respondeat superior or vicarious liability theory).
[15] See also, s. 768.28(5), F.S., establishing the monetary limitations of the state's waiver of sovereign immunity at $100,000 for a claim or judgment by one person or $200,000 for all claims or judgments arising out of the same incident or occurrence.
[16] Section 768.28(2), F.S.
[17] See, Weston, supra.
[18] Weston, supra, and Berry, supra at 84.
[19] Section 768.28(9)(a), F.S. And see, s. 768.28(3), F.S., providing that an agency or subdivision may request the assistance of the Department of Insurance in the consideration, adjustment, and settlement of any claim under this section.
[20] And see, s. 111.07, F.S., which states, in part, that:
 Any agency of the state, or any county, municipality, or political subdivision of the state, is authorized to provide an attorney to defend any civil action arising from a complaint for damages or injury suffered as a result of any act or omission of action of any of its officers, employees, or agents for an act or omission arising out of and in the scope of his employment or function, unless, in the case of a tort action, the officer, employee, or agent acted in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. Defense of such civil action includes, but is not limited to, any civil rights lawsuit seeking relief personally against the officer, employee, or agent for an act or omission under color of state law, custom, or usage, wherein it is alleged that such officer, employee, or agent has deprived another person of his rights secured under the Federal Constitution or laws.
[21] Sections 284.30-284.42, F.S.
[22] Id. at footnote 15.
[23] Section 284.38, F.S.