PER CURIAM.
We affirm the trial court’s judgment on the pleadings in favor of the Sheriff of Palm Beach County and two of his deputies in this action under 42 U.S.C.A. Sec. 1983 on the following grounds. (1) The sheriff and his deputies, in their official capacity, are immune from suit. Hill v. Department of Corrections, State of Florida, 513 So.2d 129 (Fla.1987); Howlett by Howlett v. Rose, 537 So.2d 706 (Fla. 2d DCA 1989); Lloyd v. Ellis, 520 So.2d 59 (Fla. 1st DCA 1988). (2) The pleadings contain no allegations that the sheriff, in his individual capacity, personally participated in the allegedly unconstitutional treatment of appellant’s decedent. Geter v. Wille, 846 F.2d 1352 (11th Cir.1988); Goodson v. City of Atlanta, 763 F.2d 1381 (11th Cir.1985); Rankin v. Colman, 476 So.2d 234 (Fla. 5th DCA 1985). (3) The complaint alleges no more than mere negligence against the deputies, individually, which is insufficient to sustain a Section 1983 cause of action. Davidson v. Cannon, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986).
The appellant requests that this cause should be remanded to permit her to file an amended complaint to correct the pleading deficiencies as to Sheriff Wille, individually, and the deputies, individually, citing Baird v. Continental Ins. Co., 237 So.2d 206 (Fla. 4th DCA 1970). It does not appear that plaintiff has previously amended the complaint. Although we would note that the “proposed” amended complaint furnished us does not pass muster in that it alleges only mere negligence, see Freedman v. City of Allentown, P.A., 853 F.2d 1111 (3d Cir.1988), since the appellant did not have the benefit of our opinion when proffering this proposed complaint, we think it would be an abuse of discretion not to allow a pleader at least one opportunity to amend so as to correct defects in the complaint. Baird v. Continental Ins. Co., 237 So.2d 206.
Affirmed in part, reversed in part and remanded.
GLICKSTEIN and WALDEN, JJ., concur.
WARNER, J., concurs in part and dissents in part with opinion.