989 F.2d 507
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael E. AITSON, Plaintiff-Appellant,
v.
Linda C. CAMPBELL, Jackson D. Haraway, William E. Goodman,
Joseph J. Massad, James R. Dougherty, Lindy H. Combrink,
Terry D. Grubbs, Jay L. Kruska, James D. Limestall, Fred D.
Lucas, Jr., Phyllis Turlington, Cynthia Volger-Henry,
individually, and Members of the Board of Registered
Dentists in their official capacities, Defendants-Appellees.
 No. 92-6247.
 United States Court of Appeals, Tenth Circuit.
 March 1, 1993.
 
 Before McKAY, Chief Judge, and SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT[1]
 McKAY, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendants, who are responsible for the licensure of dentists in the state of Oklahoma, revoked Plaintiff's license. Plaintiff brought this action under 42 U.S.C. § 1983 (1988), claiming that the procedures that Defendants followed denied him due process. The district court granted summary judgment to defendants, and Plaintiff appeals. We affirm in part and reverse in part.
 
 
 3
 * The record reveals that Plaintiff had a history of criminal and professional misconduct which caused defendants to place him on probation in 1987 and to extend the probation and suspend his license in 1988. Although he was given notice of the 1988 hearing at which his license was suspended, he did not appear. Under the terms of his 1988 probation, Plaintiff was required to undergo therapy for alcohol dependency and to keep Defendants, the members of the Oklahoma Board of Registered Dentists and its Executive Director, informed as to his current residential and work addresses.
 
 
 4
 While on both suspension and probation, Plaintiff pled guilty to driving under the influence of intoxicating liquor. Because he had a prior conviction for DUI, he was sentenced to one year in jail. Defendants subsequently began proceedings to revoke Plaintiff's license. Notices were sent to his last known residence, as well as to his last known office address and two other locations where Defendants believed that Plaintiff might be found. All were returned to Defendants as undeliverable. The hearing proceeded without Plaintiff in attendance, and Defendants revoked his license.
 
 
 5
 Four months later, Plaintiff contacted the Board to inquire as to the status of his license. He claimed that he had verbally informed Defendant Linda Campbell, the Executive Director of the Board, that he was residing at his mother's residence in Woodward, Oklahoma. Ms. Campbell denied this and claimed that Plaintiff had never given her that address.
 
 
 6
 Plaintiff brought suit, claiming that the failure to give him notice of the hearing constituted a denial of due process. He seeks damages as well as declaratory and injunctive relief.
 
 II
 
 7
 Plaintiff first claims that the district court erred in converting Defendant's motion to dismiss under Fed.R.Civ.P. 12(b)(6) into a motion for summary judgment under Fed.R.Civ.P. 56 without giving him the notice required by Fed.R.Civ.P. 56(c). We find no error.
 
 
 8
 "The notice of conversion of a Rule 12 motion to a Rule 56 motion and the consequences of a failure to notify are serious business." Prospero Assocs. v. Burroughs Corp., 714 F.2d 1022, 1028 (10th Cir.1983) (McKay, J., dissenting). However, the requirement of notice is not absolute. "[F]ailure to give notice is not reversible error if a party does not attempt to exclude supporting documents, but files its own sworn affidavits in response." Nichols v. United States, 796 F.2d 361, 364 (10th Cir.1986).
 
 
 9
 This case comes under the Nichols exception. Defendants attached several evidentiary exhibits to their motion to dismiss, including a copy of the Board's order revoking Plaintiff's license and a copy of the Board's rules of procedure. This was improper, as "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir.1991). Nevertheless, Plaintiff did not move to exclude these exhibits. He also presented no arguments regarding the legal sufficiency of his complaint standing alone. Rather, Plaintiff responded to Defendants' 12(b)(6) motion with a motion for summary judgment and attached an affidavit.[2] Because this case falls squarely under Nichols, we find no error.
 
 III
 
 10
 Plaintiff next argues that the district court erred in entering summary judgment on the notice issue. Because we find that the district court improperly made a credibility determination on a summary judgment motion, we agree.
 
 
 11
 This issue is controlled by Mullane v. Central Hanover Bank & Trust, 339 U.S. 306 (1950), under which Plaintiff is entitled to "notice reasonably calculated, under all the circumstances, to apprise [him] of the pendency of the action and afford [him] an opportunity to present [his] objections." Id. at 314. We agree with Plaintiff that if the Board was aware of his new address, its failure to send notice to him at that address violates Mullane. The central issue in this case therefore is the date when Plaintiff informed Ms. Campbell that he could be reached at his mother's residence. In his affidavit, Plaintiff alleges the following: "I had personally advised Linda Campbell of my permanent mailing address in Woodward. Had Ms. Campbell mailed notice to that address I would have received the same and been aware of the hearings. Ms. Campbell made no effort to mail notice to my permanent address." (Appellant's App., Doc. 5, Pl.'s Aff. at p 5.) In her counter-affidavit Ms. Campbell states, "[Plaintiff] had not previously informed the Board that he had a permanent address in Woodward.... At the time that notice was sent to [Plaintiff] regarding the ... hearing at which his license was revoked, Board records did not indicate that [Plaintiff] could be reached at a Woodward address." (Appellant's App., Doc. 6, Ex. C at pp 6-7.)
 
 
 12
 These contradictory affidavits can only be resolved through a credibility determination. While Plaintiff's affidavit is somewhat vague, it does clearly allege that he informed Ms. Campbell of the Woodward address prior to the time the notices were sent. Ms. Campbell's affidavit unequivocally denies this. If Plaintiff is correct, the failure to provide him with notice at that address is a violation of Mullane.
 
 
 13
 This conflict cannot be resolved on summary judgment. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.... The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).
 
 
 14
 It is clear that the district court did not follow Anderson in granting summary judgment. The court clearly did not believe the allegations of Plaintiff, the non-movant, but rather stated that "[t]he Court further finds that it was not until May of 1991--four months after the hearing--that [Plaintiff] verbally informed the board that he could have been reached ... in Woodward." (Appellant's App., Doc. 7 at 10.) The court further stated that "[b]ut for [Plaintiff's] failure to keep the Board notified of his current address and phone numbers, [Plaintiff] would have received actual notice." (Id. at 9.)
 
 
 15
 The district court also concluded that Plaintiff's affidavit was deficient because it was conclusory, because it did not contain written documentation supporting its claims, and because it failed to specify the date when he orally informed the Board of his new address. We are not persuaded. The affidavit, while vague, was sufficient to allege the specific fact on which Plaintiff's case rests--that Plaintiff informed the Board of his new address prior to the mailing of the notices. It is not necessary for Plaintiff to recall the exact date on which this occurred, and it is not realistic to expect a litigant to produce written documentation of an oral notification.
 
 
 16
 We therefore conclude that Plaintiff's affidavit did allege facts which would support a claim for a failure to give proper notice.[3] We REVERSE the trial court's granting of summary judgment on this ground.
 
 IV
 
 17
 The district court also granted summary judgment to the members of the Board (all Defendants except Ms. Campbell) on the basis of absolute immunity, based on this court's decision in Horwitz v. State Bd. of Medical Examiners, 822 F.2d 1508 (10th Cir.), cert. denied, 484 U.S. 964 (1987). Plaintiff argues that Horwitz is superceded by the Supreme Court's intervening decision in Burns v. Reed, 111 S.Ct. 1934 (1991). We disagree. Burns dealt with the immunity of prosecutors in various contexts, not with licensing boards. It announced no new general principles that are relevant in this context. We see nothing in Burns that causes us to reconsider Horwitz.
 
 
 18
 Plaintiff also argues that Horwitz is not controlling, because we must examine each licensing board individually. While we agree with the general proposition, it does not help Plaintiff's case. Neither the record nor Plaintiff's brief contains any information on differences between Horwitz and the present case that justifies distinguishing our precedent. Rather, Plaintiff's brief essentially argues that Horwitz was wrongly decided. Because we decline to reconsider Horwitz, we AFFIRM the grant of summary judgment to the individual members of the Board on the basis of absolute immunity under § 1983.[4]
 
 V
 
 19
 The district court also granted absolute immunity to Ms. Campbell because of her position as Executive Director of the Board. Plaintiff claims that the failure of Ms. Campbell to ask for absolute immunity (she only sought qualified immunity) bars the district court from granting it sua sponte. We agree.
 
 
 20
 District courts "possess the power to enter summary judgments sua sponte, so long as the losing party was on notice that she had to come forward with all of her evidence." Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). That was not the case here. The question of absolute immunity for non-judicial officials is a complex one that frequently turns on factual details. For example, the question may turn on whether Ms. Campbell, in mailing the notices, is best described as "acting as an advocate for the State" or as "carrying out administrative or investigative functions." Kadivar v. Stone, 804 F.2d 635, 637 (11th. Cir.1986); see also Coleman v. Turpen, 697 F.2d 1341, 1346 (10th Cir.1982) (per curiam) (prosecutor has only qualified immunity because he was acting "as an administrator, not as an advocate"). Defendants' motion to dismiss (converted by the court into a motion for summary judgment), as well as Plaintiff's response, did not discuss the details of Ms. Campbell's role, but rather focused entirely on the sufficiency of the qualified immunity defense. Under these circumstances, Plaintiff had no notice that he was to come forward with evidence on Ms. Campbell's role or present an affidavit under Fed.R.Civ.P. 56(f) stating that he required more discovery to address the issue. We REVERSE the grant of absolute immunity to Defendant Campbell.
 
 VI
 
 21
 Finally, the district court stated in the alternative that even if Ms. Campbell has only qualified immunity, that forms a valid defense to Plaintiff's allegations. We do not agree. The doctrine of qualified immunity does not protect those who violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). It is well established that Plaintiff is entitled to "notice reasonably calculated, under all the circumstances, to apprise [him] of the pendency of the action and afford [him] an opportunity to present [his] objections." Mullane v. Central Hanover Bank & Trust, 339 U.S. 306, 314 (1950). If Plaintiff's claim that he orally informed Ms. Campbell of his new address is true, qualified immunity does not shield her from liability for her failure to notify him of the hearing at that address. We REVERSE the grant of summary judgment to Defendant Campbell on the basis of qualified immunity.
 
 VII
 
 22
 We REVERSE the grant of summary judgment to all Defendants on the merits. We AFFIRM the grant of summary judgment to every individual Defendant other than Linda Campbell on the basis of absolute immunity. We REVERSE the grant of summary judgment to Defendant Campbell on the basis of absolute or qualified immunity. We REMAND for further proceedings consistent with this opinion.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [2]
 Plaintiff explained that using his motion for summary judgment as his response to Defendants' 12(b)(6) motion was "the most judicially efficient method of addressing these issues." (Appellant's App., Doc. 5 at 2-3.)
 
 
 [3]
 Of course, we express no opinion as to whether Plaintiff's alleged oral notification was sufficient to fulfill his probationary duty to keep the Board informed of his whereabouts. We merely find that it was sufficient to make out a due process claim for failure to give reasonable notice
 
 
 [4]
 Of course, they remain amenable to suit in their official capacities for declaratory and injunctive relief